PER CURIAM.
The plaintiffs/appellees are land owners in Broward County whose lands are adjacent to a water conservation area operated by the South Florida Water Management District. The landowners brought an action against the Water Management Dis *1088 trict and alleged that the Water Management District’s operations had caused their lands to be flooded. The landowners sought compensation for trespass and inverse condemnation. The trial court agreed with the landowners and ruled that the Water Management District’s maintenance of its structures caused the plaintiffs’ lands to be continually flooded. The court found that the Water Management District had caused both a trespass on the landowners’ property and a taking of their property by inverse condemnation. The Water Management District appeals. We affirm the judgment of liability on the count for inverse condemnation but reverse the judgment of liability for trespass.
Our review of the record indicates that there is substantial competent evidence to support the trial court’s ruling concerning the count for inverse condemnation. There was competent evidence that even after the initial construction of the water management project the land in question had beneficial uses. The evidence also supports the conclusion that after a change in water management policies during 1982 the plaintiffs’ lands were continually flooded, thus constituting a “taking”. Since no reversible error has been shown, we affirm on this point.
As to the count for trespass we reverse. The record does not support the conclusion that there was a temporary trespass which preceded a permanent taking. The evidence indicates that the plaintiff’s property was flooded in 1982 and has remained in that condition. Since there was no evidence of a separate tort then, there can be no recovery for the count for trespass. See generally, County of Volusia v. W.R. Pickens, 439 So.2d 276 (Fla. 5th DCA 1983) (damages for loss of rental income are not included after the date of an inverse condemnation, since from that time onward the property belongs, albeit wrongfully, to the public entity.)[1]
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent proceedings.
DOWNEY, ANSTEAD and WALDEN, JJ., concur.

. We note that our decision on this point moots the other issues raised by the District, that is, whether the District had received adequate notice of the tort action, whether or not the District enjoyed sovereign immunity for the tort count, and whether a $200,000 statutory limitation of liability was applicable.